UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RENÉE WILLETT,

                          Plaintiff,                              No:

              v.
                                                                  COMPLAINT AND DEMAND
OREN ALEXANDER,                                                   FOR JURY TRIAL

                          Defendant.
------------------------------------------------------------------------x

Plaintiff, Renée Willett, by her attorneys, Torgan Cooper & Aaron, P.C., complaining

of Defendant Oren Alexander, alleges as follows:

## INTRODUCTION

1.      Roughly nine years ago, when Plaintiff Renée Willett (hereinafter referred to as

"Renée" or "Plaintiff") first met Oren Alexander (hereinafter "Defendant"), she had no idea

that her life was about to be irreversibly changed. What began as cordial conversation over a

dating app, quickly took a dark turn when Plaintiff agreed to meet Defendant in-person at his

New York City apartment. That night, Plaintiff was drugged and forcefully raped by

Defendant.

2.      Immediately following the assault, Plaintiff was mortified. She was overcome

with embarrassment, shame, and anger which eventually evolved into a deep-rooted

depression. Plaintiff wanted to go to the police but was paralyzed by fear and concerns that

society would perceive her in a negative light. Plaintiff instead chose silence. However, this

silence slowly eroded her mental, physical, and emotional well-being for almost a decade.

3.      On or about June 10, 2024, Plaintiff read in the news that Defendant had been

named by two different women in lawsuits alleging that they too had been forcibly raped by

Defendant, Oren Alexander. After hearing this earth-shattering news, Plaintiff learned that she was not the only one who was subjected to Defendant's predatory ways.

4.    In that moment, Plaintiff felt a responsibility to herself and others to come forward and share her harrowing experience.

5.    This is a civil action commenced pursuant to the Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101, *et seq.* ("VGMVPL") seeking compensatory and punitive damages to redress the injuries Plaintiff has suffered, and will continue to suffer, as a result of being sexually assaulted and raped in the early morning of December 16, 2015, and for other sexual offenses as set out in Article 130 of the New York Penal Law, by Defendant Oren Alexander at his apartment located at 158 Mercer Street, New York, New York 10012.

6.    This case involves horrific and terrifying acts of sexual assault and rape, committed by Defendant against Plaintiff at the above referenced residence.

## PARTIES AND JURISDICTION

7.    Plaintiff Renée Willett is a resident and domiciliary of the State of New York.

8.    Defendant Oren Alexander is a resident and domiciliary of the State of Florida.

9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

10.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.

11.     This Court has personal jurisdiction over Defendant pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1) and (2). The Court may also exercise pendent personal jurisdiction over Defendant for claims that share a common nucleus of operative facts.

## FACTUAL ALLEGATIONS

12.     In or around November 2015, Renée met Defendant through a private dating and networking application. After coming across Defendant's profile, Renée noticed they had mutual friends in common and decided to match. Shortly thereafter the two began periodically messaging each other over the ensuing weeks.

13.     Renée agreed to meet Defendant in-person on December 15, 2015. However, she had already planned her 23rd birthday celebration with friends that evening, so Renée and Defendant decided that they would meet after her celebration had concluded.

14.     That evening, Renée's birthday celebration ran later than expected and she had to keep pushing back her plans with Defendant. However, since she had already committed to meeting up with the Defendant, she felt a sense of pressure not to cancel entirely. Therefore, she decided that she would briefly meet him before continuing home to her uptown apartment.

15.     Renée intended on meeting Defendant at The Mercer Hotel, however upon her arrival she discovered that the hotel bar was closed. It was then proposed that Renée stop by his nearby apartment. Renée ultimately agreed to this invitation.

16.     When Renée arrived at Defendant's apartment in the early morning of December 16, 2015, he appeared upset and acted cold towards her.

17.     Renée followed Defendant into his apartment and the two initially sat on his couch in the living room.

18.     Moments later, Defendant offered Renée an alcoholic drink, which she declined and instead asked Defendant for a water. After spending some time in the kitchen, Defendant returned with a carbonated beverage. Although it was not what she had requested, Renée accepted and consumed some of the drink in an effort to be polite and break the initial awkwardness of their exchange.

19.     Next, Defendant proceeded to give Renée a tour of his apartment to purportedly show her his art collection. After viewing the art in the living room, Defendant then led Renée to a room near the main entrance of the apartment. This room turned out to be Defendant's bedroom.

20.     Renée felt apprehensive about being in Defendant's bedroom due to an overwhelming instinct that danger was ensuing and immediately feared for her safety.

21.     As Renée started to walk back towards the door to exit the bedroom, Defendant stepped in front of her blocking her access to the door, to prevent her from exiting.

22.     Renée attempted to sidestep around Defendant, but Defendant aggressively stepped sideways and forward again in front of Renée. Renée, now terrified, backed up until the backs of her legs were pressed against the foot of Defendant's bed.

23.     Defendant next proceeded to attempt to pull Renée's shirt down but was unable to do so causing Renée to fall backwards onto the bed.

24.     Renée, shocked and gripped by fear, repeatedly plead with Defendant to stop his assault. Despite her protestations and attempts at resistance, Renée was overpowered. Defendant did not stop and forcibly vaginally raped Renée.

25.     After a brief couple of minutes, the Defendant ejaculated and removed himself from Renée. Throughout the duration of the attack, Renée felt physically impaired from the

carbonated beverage Defendant had made for her. Upon information and belief, Defendant intentionally spiked Renée's drink with an unknown substance.

26.    Renée felt powerless throughout the entire ordeal due to Defendant's unrelenting sexual assault that culminated in her rape.

27.    Defendant assaulted and raped Renée without her consent in order to satisfy his penchant for sexual violence.

28.    Defendant exhibited anger and animus toward Renée.

29.    Defendant's rape of Renée permanently altered the trajectory of her life. Since the attack, she has been unattached and disassociated from men, intimacy, love, and connection.

30.    Renée is not and was not the only victim to fall prey to Defendant's heinous acts. For years, Defendant (individually and at times in concert with others) engaged in a similar pattern of schemes, acts, and conduct with different women many of whom have found the courage to come forward and seek justice.

### FIRST CAUSE OF ACTION
### AS AGAINST DEFENDANT
### (NYC Gender-Motivated Violence Protection Law)

31.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

32.    Defendant's conduct, sexual assault and rape of Plaintiff, constitutes a "crime of violence motivated by gender" against Plaintiff as defined by the NYC Victims of Gender-Motivated Violence Protection Law, NYC § 10-1103. Defendant's actions were motivated by Plaintiff's gender, on the basis of her gender, and due, at least in part, to an animus based on her gender.

33.     Defendant's conduct, sexual assault and rape of Plaintiff, constitutes a sexual offense as defined in Article 130 of the New York Penal Law.

34.     Defendant committed crimes of violence against Plaintiff because she is a female and, at least in part, because he had an animus toward women. Defendant's gender-motivated animus towards women is evinced by, among other things, his humiliating and degrading sexual assault and rape of the Plaintiff.

35.     As a result of the foregoing crime of violence and gender-motivated violence perpetrated by Defendant, Plaintiff sustained physical injury, severe psychological trauma, pain and suffering, emotional injuries, monetary damages, and has, and will continue to, suffer depression, anxiety, emotional distress, anguish, ridicule, embarrassment, humiliation and degradation, loss of enjoyment of life, and has been greatly injured in her reputation and character and her injuries will be permanent in nature and effect and has sustained damages in an amount to be determined at the time of trial.

36.     Accordingly, Plaintiff therefore seeks compensatory and punitive damages, attorney's fees and costs, and any such other relief the Court deems appropriate.

WHEREFORE, Plaintiff requests judgment against Defendant for compensatory and punitive damages on each cause of action in the complaint in an amount to be determined at trial, together with interest, costs and disbursements of this action.

### DEMAND FOR JURY TRIAL

Plaintiff Renée Willett hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: New York, New York
       July 26, 2024

Torgan Cooper & Aaron, P.C.

By: _____
       Jonathan Tabar, Esq.
Attorneys for Plaintiff
17 State Street, 39th Floor
New York, New York 10004
(212) 232-2500